J^FITZSIMMONS, J.
In a suit seeking access to and the recognition of a servitude of passage, defen-danVappellant, Joshua A. Tilton,[1] appeals the grant of partial summary judgment in favor of plaintiffs/appellants, Ernest J. Thibodaux and Hazel Pitre Hunter. Following our review of the record and applicable law, this court affirms, as amended, the partial summary judgment.
Joshua A. Tilton and his wife, Tilda T. Tilton, owned 125 acres of land that fronted on the disputed passageway, which is referenced in the record as “Tilton Ranch Road” and “Ott Cemetery Road.” On December 18, 1992, Mr. Tilton separately purchased an additional six acres of property adjacent to the 125 acres from Richard W. Watts.[2] At a later time on that same date, Mr. Tilton sold the newly purchased six acres to Ernest J. Thibodaux. On September 17, 1997, Mr. Thibodaux sold an undivided one-half interest in the six-acre property to co-plaintiff/appellee, Hazel P. Hunter.
The motion for partial summary judgment filed on behalf of Mr. Thibodaux asserted a right of passage along Tilton Ranch Road pursuant to La. C.C. art. 694; alternatively, passage was claimed pursuant to La. C.C. art. 689. The Ott Cemetery Association was additionally named as a party in the lawsuit on the basis that it owned a small portion of the property over which Tilton Ranch Road traversed.
Louisiana Civil Code article 694 states:
When in the case of partition, or a voluntary alienation of an estate or of a part thereof, property alienated or partitioned becomes enclosed, passage shall be furnished gratuitously by the owner of the land on which the passage was previously exercised, even if it is not the shortest route to the public road, and even if the act of alienation or partition does not mention a servitude of passage.
1 ^Alternatively, La. C.C. art. 689 provides:
The owner of an estate that has no access to a public road may claim a right of passage over neighboring property to the nearest public road. He is bound to indemnify his neighbor for the damage he may occasion.
An appellate court conducts a de novo review of the evidence involving a summary judgment, under the same criteria that governed the trial court’s determi *922 nation of whether summary judgment would be appropriate. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, 1035, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29.[3] A scrutiny of the supporting documents submitted in conjunction with the motion for partial summary judgment substantiates that upon Mr. Tilton’s sale of the subject six-acre tract of land to Mr. Thibodaux, the alienated property was enclosed. However, Mr. Tilton was not the sole owner of the adjacent 125 acres of property, which he distinguishably jointly owned with his wife, Tilda Tilton. Thus, we are presented with a situation in which the seller of land was sole owner of the enclosed tract, but maintained only a partial ownership interest in the adjacent tract. Mr. Tilton’s sale of his separately owned connecting property did not create a situation in which the owner of an estate voluntarily alienated a part of the estate, creating an enclosed estate pursuant to La. C.C. art. 694. Mrs. Tilton, the co-owner of the 125-acre piece of land was not a party to the sale. Accordingly, this court finds that the trial court’s judgment that Mr. Tilton owed Mr. Thibodaux a right of passage pursuant to La. C.C. art. 694 was misguided.
[4We next consider the alternative claim in the motion for partial summary judgment that a servitude of passage in favor of Mr. Thibodaux was created pursuant to La. C.C. art. 689. Although the record contains numerous affidavits relevant to an alleged tacit or implied dedication of Tilton Ranch Road, the motion for partial summary judgment is not premised on the public dedication of Tilton Ranch Road. Thus, the identity of Tilton Ranch Road as a publicly dedicated roadway is not before this court at this time.
For purposes of the partial summary judgment at hand, the plats, acts of sale, affidavits, and sworn testimony exhibited in the record demonstrate that the six-acre tract of land is enclosed. Mr. Thibodaux and Ms. Hunter do not have access to an established public road without proceeding across neighboring property. As such, there is merit to their claim of a right to passage over neighboring property to the nearest public road pursuant to La. C.C. art. 689. The location of the nearest public road and the terms of indemnification affiliated with La. C.C. art. 689 were not established at the trial court level. Therefore, the partial summary judgment is affirmed, as amended, and the matter is remanded to the trial court for further proceedings consistent with this decision. All costs associated with this appeal are assessed to Joshua A. Tilton.
AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS.

. The partial judgment was rendered against Joshua A. Tilton and Tilda Tinsley Tilton; however, Mrs. Tilton did not participate in the current appeal.

. The act of sale to Mr. Tilton declared that Joshua A. Tilton and his second wife, Tilda T. Tilton were separate in property.

. Mr. Tilton maintains that the supporting documentation to be considered in the court's review should be limited to those evidentiary instruments attached to the motion for summary judgment. We do not so limit the courts in their consideration of evidence for a summary judgment. Pursuant to the Louisiana Code of Civil Procedure, summary judgment is properly granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966 B. There is no statutory indication or suggestion that the court should not consider all filed pleadings, depositions, answers to interrogatories, and admissions of fact in circumstances in which said supporting documents were previously filed into the court record, but were not resubmitted as part of the motion for summaiy judgment. Louisiana Code of Civil Procedure article 966 B is expressly inclusive of pleadings, depositions, answers to interrogatories, and admissions "on file.”